UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| FPL GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-652 (ESH) |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the cross-motions for summary judgment brought by defendant Internal Revenue Service and plaintiff FPL Group, Inc. on plaintiff's claims under the Freedom of Information Act. The Court previously granted defendant's motion in part and denied it in part, denied plaintiff's cross-motion in part, and ordered defendant to produce the remaining documents at issue for *in camera review* and to file supporting affidavits. *See FPL Group, Inc. v. I.R.S.*, No. 09-CV-652, 2010 WL 890219, at *22 (D.D.C. Mar. 12, 2010). After defendant submitted the documents *in camera* and filed several declarations and *Vaughn* indexes, the Court invited plaintiff to submit a response and objections to defendant's filings. (*See* Pl.'s Response re: Apr. 20, 2010 Order ("Pl.'s Response").) Based on the Court's review of each of the documents submitted *in camera*, and having reviewed defendants' recently filed declarations and *Vaughn* Index, as well as plaintiff's response and objections, the Court will grant defendant's motion and deny plaintiff's cross-motion.

The Court need not address plaintiff's contentions that "the declarations submitted by Defendant do not comply with the Court's Order with respect to claims of deliberative process privilege," and that the agency attorney's declarations describing the *in camera* submissions "fail

1

to show an adequate basis for the other claims of privilege . . . ." (Pl.'s Response at 1-2.) Those declarations were requested merely to supplement the Court's review of the submitted documents, in the event that the basis for each document's exemption claim could not be discerned from its face or the *Vaughn* indexes. The Court has reviewed each document, aided both by the indexes and the declarations, and based on this review, it concludes that the exemptions asserted have been properly claimed.[1]

---

[1] With respect to paragraph 1 of the Court's March 12, 2010 Order on the parties' summary judgment motions ("the Order"), the Court notes that plaintiff does not contest defendant's assertion that only non-responsive documents were located in response to that paragraph's instructions.

With respect to the "workplans" and other documents at issue in paragraph 3 of the Order, the Court concludes that defendant has appropriately asserted the deliberative process privilege, even though it did not invoke that privilege as to these documents in its motion for summary judgment. The Court rejects plaintiff's argument that defendant is barred from now invoking that privilege for the first time and must instead rely upon the attorney work product privilege. (*See* Pl.'s Response at 12-14.) Although "agencies [may] not make new exemption claims to a district court after the judge has ruled in the other party's favor," *Senate of the Commonwealth of P.R. ex rel. Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 580 (D.C. Cir. 1987) (internal quotation marks omitted), defendant has not invoked a new exemption; rather, it has only articulated an additional basis for asserting Exemption 5, which it had already invoked. But even if defendant's assertion of the deliberative process privilege were deemed to be a new exemption claim, the Order was not a ruling in plaintiff's favor. A denial of a defendant's motion for summary judgment is not "tantamount to a ruling in [the plaintiff's] favor," especially where the plaintiff's own motion for summary judgment is not granted. *Reliant Energy Power Generation, Inc. v. F.E.R.C.*, 520 F. Supp. 2d 194, 202 (D.D.C. 2007) (holding that agency did not waive right to invoke Exemption 4 in second summary judgment motion after failing to do so in first summary judgment motion). Here, the Order did not grant any portion of plaintiff's cross-motion for summary judgment.

Plaintiff objects to the withholding of several documents pertinent to paragraph 4 of the Order, arguing that the agency's asserted desire to avoid public "criticism" is an invalid basis for non-disclosure. (Pl.'s Response at 11-12 (quoting *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d 607, 618 (D.C. Cir. 1997)); *see* Third Decl. of Mary Ellen Keys ¶¶ 34, 35, 37-38, 40-42, 47-49.) Although an agency's fear of public criticism, without more, would not appear to justify a withholding, that is not the agency's only reason for withholding those documents. Defendant also asserts that disclosure "may confuse issues and mislead the public by suggesting rationales for a course of action that [were] not the ultimate reasons for the agency's decision." (Third Decl. of Mary Ellen Keys ¶ 34; *see also id.* ¶¶ 35, 37-38, 40-42, 47-49.) Based on the Court's review of the documents, it finds that such a concern is reasonable.

A separate order accompanies this Memorandum Opinion.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: May 14, 2010